Name: MATTIE TWYNETTE LOMAX

Address: P.O. BOX 21986

CHICAGO, IL 60621

Phone: 773-412-9187

Fax: _____

In Pro Per

**FILED**
CLERK, U.S. DISTRICT COURT

**12/06/2023**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

IFP Submitted

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTIE TWYNETTE LOMAX<br><br>Plaintiff<br><br>v.<br><br>SKID ROW HOUSING TRUST/ THIANNE GARRETT SISTER OF THE DECEASED BROTHER/ EDWARD LEVY<br><br>Defendant(s). | CASE NUMBER:<br><br>8:23-cv-02298-JVS-(KESx)<br><br>To be supplied by the Clerk of<br>The United States District Court<br><br>**DEMAND FOR JURY TRIAL/**<br>**COMPLAINT** |

Plaintiff, Mattie Twynette Lomax, Mother of the deceased son, Edward F. Levy hereby submit this complaint pursuant to Diversity pleading requirements under 28 U.S.C. 1332 for a breach of fiduciary duty to the mother and not the sister in which has a felony record twic in the State of California for arson and stolen money and the defendants may also be charged with securities and commodities fraud under 18 U.S. Code Section 1348.

## I. INTRODUCTION

The Mother of deceased son Edward Levy pass on July 13, 2021 at his residence, 1201 E. 7th St. room 307 a semi apartment own and operated by Skid Row Housing Trust and their trustees.

2. The daughter, Thianne Garrett called the mother, stating that Edward had pass. The mother started to call FEMA for funeral assistance in which needed the social security number to complete application.

3. The Mother called several times at the location of Olympia Hotel apartment leaving messages

CV-126 (09/09)                    PLEADING PAGE FOR A COMPLAINT

1  on their phone and no returns calls. The Mother call Thianne Garrett the sister of the deceased,

2  stop all communication regarding his personel property and his car.

3  4. Plaintiff, Mother of the deceased son file this complaint for breach of fiduciary duty action

4  against defendants under Family Code section 1101, essentially seeking a claim of $5,000.000.00 for

5  neglect, pain and suffering of emotional stress case by the defendants.

6  5. The second appellate district, the judge was bias and discriminatory against the Mother and

7  dismissal of the action. Granted the defendants memorandum of points and authorities in suport of

8  demurrer in sustained without leave to amend.  The court relied on Code of Civil Procedure

9  sections 366.2 and 366.3, which provide that actionable claims based on the liability of a decedent,

10  or based on the Mother's testimonial of the action, must be filed within one year of his death.

11  Plaintiff filed this claim on August 30, 2021 in the suprrior court of California after her son death.

12  6. The complaint should be view as de novo to determine whether it alleges facts sufficient to state

13  a cause of action under any legal theory and thus to determine whether or not the trial court

14  erroneously sustained the demurrer as a matter of law.  (McClain v. Octagon Plaza, LLC (2008) 159

15  Cal.App.4th 784, 791.)  The sole issue of the complaint is whether the causes of action in plaintiffs

16  complaint barred by the applicable statute of limitations.  This issue turns on whether plaintiffs

17  claim based on section 1101 is governed by the terms of this section or by the general statutes of

18  limitations governing claims against defendants act against the deceased persons.

19  7. Conclusion: An action is derivative if the gravamen of the complaint is injury to the corporation

20  or to the whole body of its stock and property without any severance or distribution among

21  individual holders, or it seeks to recover assets for the corporation or to prevent the dissipation of

22  its assets. (Jones v. H. F. Ahmanson & Co., 1 Cal.3d 93, 460 P.2d 464, 81 Cal.Rptr. 592 (Cal. 1969),

23  Schrage v. Schrage, 284 Cal.Rptr.3d 279, 69 Cal.App.5th 126 (Cal. App. 2021), Schuster v. Gardner,

24  127 Cal.App.4th 305, 25 Cal.Rptr.3d 468 (Cal. App. 2005). In other words, it is the gravamen of the

25  wrong alleged in the pleadings, not simply the resulting injury, which determines whether an

26  individual action lies, the same facts regarding injury to the corporation may underlie a personal

27  cause of action, such as intentional infliction of emotional distress, breach of contract, fraud, or

28  defamation

*Mattie S. Lomax*